**LEX REX INSTITUTE**
ALEXANDER H. HABERBUSH, ESQ. SBN 330368
DEBORAH L. PAULY, ESQ. SBN 350345
444 West Ocean Boulevard, Suite 1403
Long Beach, CA 90802
Telephone: (562) 435-9062
E-mail: AHaberbush@LexRex.org

Maureen Riordan* (NY Bar No. 2058840)
Kaylan Phillips* (OK Bar No. 22219)
Noel Johnson* (Wis. Bar No. 1068004)
PUBLIC INTEREST LEGAL FOUNDATION
107 S. West Street, Suite 700
Alexandria, VA  22314
Tel: (703) 745-5870
mriordan@publicinterestlegal.org
kphillips@publicinterestlegal.org
*Pro hac vice applications forthcoming

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| PUBLIC INTEREST LEGAL FOUNDATION, INC. | CASE NO. |
|---|---|
| Plaintiff, | *Assigned for All Purposes to:* |
| v. | |
| TIMOTHY DUPUIS, in his official capacity as the Alameda County Registrar of Voters, | **COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF** |
| Defendant. | |

Plaintiff Public Interest Legal Foundation, Inc., by and through counsel, brings this action for declaratory and injunctive relief against Defendant for violations of the Public Disclosure Provision of the National Voter Registration Act of 1993 ("NVRA"), 52 U.S.C. § 20507(i)(1).

**JURISDICTION AND VENUE**

1.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because the action arises under the laws of the United States. This Court also has jurisdiction under 52 U.S.C. § 20510(b), because the action seeks injunctive and declaratory relief under the NVRA.

**1**
**COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

2. Venue in this Court is proper under 28 U.S.C. § 1391(b)(1), because the Defendant resides in this district, and under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this district.

**PARTIES**

3. The Public Interest Legal Foundation, Inc., ("Foundation") is a non-partisan, 501(c)(3) public interest organization incorporated and based in Alexandria, Virginia. The Foundation promotes the integrity of elections nationwide through research, education, remedial programs, and litigation. The Foundation regularly utilizes the NVRA's Public Disclosure Provision and state and federal open records laws that require government records be made available to the public. Using records and data compiled through these open records laws, the Foundation analyzes the programs and activities of state and local election officials to determine whether lawful efforts are being made to keep voter rolls current and accurate in accordance with federal and state law, and to determine whether eligible registrants have been improperly removed from voter rolls. The Foundation also uses records and data to produce and disseminate reports, articles, blog and social media posts, and newsletters to advance the public education aspect of its organizational mission.

4. Defendant Timothy Dupuis is the Alameda County Registrar of Voters, and as such, "is responsible for registering voters and conducting Federal, State, County, special and local elections." About Us, Official Election Site of Alameda County, https://www.acvote.org/resources/about-us. The County Registrar is the designated official under California law required to "register as voters any electors who apply for registration and shall perform any other duties required of him or her by the Elections Code." Cal. Gov. Code § 26802.

5. Under California law, "A county elections official shall be responsible for coordinating with the Secretary of State and each applicable voter registration agency within the county to administer the voter registration services required pursuant to this chapter and the federal National Voter Registration Act of 1993 (52 U.S.C. Sec. 20501 et seq.)." Cal. Elec. Code § 2405. *See also* Cal. Elec. Code § 320 (defining "elections official" as "A county clerk, city

clerk, registrar of voters, or elections supervisor having jurisdiction over elections within any county, city, or district within the state.").

6. Defendant Dupuis is sued in his official capacity only.

## BACKGROUND

### *Citizenship Is a Requirement for Voter Registration in California*

7. United States citizenship is a qualification to register and vote in California. Cal Const, Art. II § 2; Cal. Elec. Code § 2000(a); Cal. Elec. Code § 2101(a); *see also* Cal. Elec. Code § 2111; Cal Elec. Code § 3501.

8. Defendant Dupuis is the Registrar of Voters for Alameda County California and is required by law to register all qualified persons who apply for registration and perform all other duties required of him by the elections code. Cal. Gov't Code § 26802.

9. Defendant Dupuis is required to cancel voter registration records under certain circumstances, Cal. Elec. Code § 2201, including, "[a]t the signed, written request of the person registered," Cal. Elec. Code § 2201(a)(1), and "[u]pon proof that the person is otherwise ineligible to vote," Cal. Elec. Code § 2201(a)(8).

10. As part of his voter list maintenance duties, Defendant Dupuis evaluates eligibility for voter registration including citizenship, and must reject voter registrations and cancel any registration record if the registrant does not meet these eligibility requirements.

### *The NVRA's Public Disclosure Provision*

11. Defendant is required to "maintain for at least 2 years and shall make available for public inspection and, where available, photocopying at a reasonable cost, ***all records*** concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters[.]" 52 U.S.C. § 20507(i)(1) (emphasis added) (hereafter, the "Public Disclosure Provision").[1]

---

[1] The records described by the Public Disclosure Provision are common referred to as "voter list maintenance records."

**3**
**COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

12. The only records exempted from the NVRA's Public Disclosure Provision are those that "relate to a declination to register to vote or the identity of the voter registration agency through which any particular voter registered." 52 U.S.C. § 20507(i)(1).

13. "The National Voter Registration Act (NVRA)is premised on the assumption that citizenship is one of the requirements for eligibility to vote." *Arcia v. Sec'y of Fla.*, 772 F.3d 1335, 1344 (11th Cir. 2014).

14. When Defendant Dupuis evaluates and/or investigates whether a registrant meets the state's qualifications for registration and voting, including citizenship, he engages in an activity or program within the Public Disclosure Provisions scope.

15. When Defendant Dupuis confirms that a registrant meets the qualifications for registration and voting, including citizenship, he engages in an activity or program within the Public Disclosure Provisions scope.

16. When Defendant Dupuis cancels a registration record because the registrant does not meet the requirements for registration and voting, including non-citizenship, he engages in an activity or program within the Public Disclosure Provisions scope.

17. Records concerning Defendant Dupuis' voter list maintenance activities related to a registrant's qualifications, including citizenship, are public records under the NVRA. *Pub. Interest Legal Found. v. Boockvar*, 431 F. Supp. 3d 553, 561 (M.D. Pa. 2019) (denying motion to dismiss), *summary judgment granted by Pub. Int. Legal Found. v. Chapman*, No. 1:19-CV-622, 2022 U.S. Dist. LEXIS 60585 (M.D. Pa., Mar. 31, 2022), appeal docketed at *Public Interest Legal Foundation v. Schmidt*, No. Case: 23-1590 (3rd Cir.); *see also Pub. Interest Legal Found. v. Bennett*, No. H-18-0981, 2019 U.S. Dist. LEXIS 39723 (S.D. Tex. Feb. 6, 2019) (denying motion to dismiss), *adopted by Pub. Interest Legal Found., Inc. v. Bennett*, No. 4:18-CV-00981, 2019 U.S. Dist. LEXIS 38686 (S.D. Tex. Mar. 11, 2019).

***The Foundation Requested Records Pursuant to the Public Disclosure Provision.***

18. On September 7, 2023, pursuant to the Public Disclosure Provision, the Foundation requested to inspect the following records:

>  1. Records showing the number of voter registration records cancelled because the registrant did not satisfy the citizenship requirements for voter registration, and
>
>  2. Records related to each cancellation described in Request No. 1, including copies of each registrant's voter registration application, voter registration record, voting history, and related correspondence sent or received by your office.

Correspondence from the Foundation dated September 7, 2023 (attached as Exhibit A) (hereafter, the "Inspection Request").

***Defendant Is Denying the Foundation Access to Voter List Maintenance Records***

19. On September 19, 2023, Defendant Dupuis's office replied to the Foundation by email stating that "[t]he information that you seek is kept at the State level." Correspondence from Registrar of Voters, Alameda County dated September 19, 2023 (attached as Exhibit B).

20. On September 21, 2023, the Foundation requested clarification from the Defendant by email, asking the following questions:

>  1. If Alameda County ROV has access to VoteCal and an associated county EMS function?, and,
>
>  2. If yes, whether Alameda County ROV is able to generate VoteCal reports of cancelled voter registrations due to their lacking U.S. citizenship?

Exhibit B at 1.

21. The Foundation did not receive a response to its September 21, 2023, email.

22. On October 12, 2023, the Foundation notified the Alameda Registrar of Voters that the Alameda Registrar of Voters was in violation of the NVRA for failure to permit inspection of voter list maintenance records as required by 52 U.S.C. § 20507(i). The Notice Letter notified Defendant that the requested records fall within the scope of the NVRA. Correspondence from the Foundation dated October 12, 2023 (attached as Exhibit C) (hereafter, the "Notice Letter").

23. As with the previous correspondence, the Foundation sent the Notice Letter to Defendant via email.

24. As required by the NVRA's private-right-of-action provision, 52 U.S.C. § 20510(b)(1), the Foundation provided written notice to California's chief election officer—the

Secretary of State of California—of Defendant Dupuis' violation of the NVRA's Public Disclosure Provision. Exhibit C.

25. The Notice Letter further notified Defendant that "Failure to permit public inspection or otherwise provide copies of the requested records is a violation of federal law for which the NVRA provides a private-right-of-action." Exhibit C at 3.

26. The Notice Letter further notified Defendant that litigation may commence against him if the violations about which he was notified were not cured within 90 days of his receipt of the letter. Exhibit C at 3 (citing 52 U.S.C. § 20510(b)(2)).

27. By sending the Notice Letter to the Secretary of State of California, the chief election official of the State, CA Elec Code § 2402, the Foundation complied with the NVRA's pre-litigation notice requirements. *See* 52 U.S.C. § 20510(b)(1)-(2).

28. On January 10, 2024, exactly 90 days after the Foundation's Notice Letter was sent, the Foundation received an email from Defendant Dupuis stating, "we will respond to your request by January 19, 2024, indicating whether we have the records you seek and when they will be produced." Correspondence from Defendant Dupuis dated January 10, 2024 (attached as Exhibit D).

29. The Foundation has not received any further communication from Defendant Dupuis.

*Defendant Has Not Cured the NVRA Violation*

30. The Foundation sent the NVRA Notice Letter via email on October 12, 2023.

31. The NVRA affords violating parties ninety (90) days to cure NVRA violations. 52 U.S.C. § 20510(b)(2). "The apparent purpose of the notice provision is to allow those violating the NVRA the opportunity to attempt compliance with its mandates before facing litigation." *Ga. State Conference of the NAACP v. Kemp*, 841 F. Supp. 2d 1320, 1335 (N.D. Ga. 2012).

32. Because Defendant has failed to cure the violation within 90 days, this action is ripe.

///

*Defendant's Actions Are Causing the Foundation to Suffer Concrete Harm*

33. The requested records are records within the scope of the NVRA's Public Disclosure Provision.

34. The Public Disclosure Provision authorizes and entitles the Foundation to inspect and duplicate the requested records.

35. Defendant's violations of the NVRA are causing the Foundation to suffer a concrete informational injury because the Foundation does not have records and information to which it is entitled under federal law. *FEC v. Akins*, 524 U.S. 11, 21 (1998) ("[A] plaintiff suffers an 'injury in fact' when the plaintiff fails to obtain information which must be publicly disclosed pursuant to a statute."). This "informational injury" is causing the Foundation to suffer additional adverse effects.

36. The Foundation gathers information about the state of the voter rolls across the nation for the purpose of assessing the accuracy and currency of the rolls and whether officials are complying with state and federal voter list maintenance standards, as well as other best practices. *See* "Errors in America's Voter Rolls," Public Interest Legal Foundation, https://publicinterestlegal.org/issues/voter-roll-error-map/.

37. The Foundation will use the requested records to further study and investigate Alameda County's voter list maintenance activities and Alameda County's compliance with state and federal law, and other best practices.

38. Defendant Dupuis' denial of the requested records affects the Foundation's programming and will dictate where additional Foundation resources will be deployed for further investigations, communications with certain election officials, and necessary remedial measures.

39. The Defendant's failure to allow inspection pursuant to federal law causes harm to the Foundation as it is required to expend additional resources and staff, while limiting the Foundation's ability to fund other pending investigations and programming.

40. The Defendant's failure to allow inspection of these records further injures the Foundation's non-profit educational programming which includes providing policy advice to state

officials and legislative guidance and testimony to Congress regarding state compliance with voting rights legislation requirements.

41. The Foundation needs to continually keep its institutional knowledge current and accurate so that the organization can operate efficiently and effectively, including for the purposes that Congress intended under the NVRA. The failure of Defendant to provide records subject to disclosure impairs and directly frustrates the Foundation's accumulation of institutional knowledge about nationwide list maintenance practices by government officials. This impairment harms the Foundation's ability to accurately and comprehensively educate the public and election officials about numerous circumstances, including the state of their own voter rolls. This impairment harms the Foundation's ability to accurately and comprehensively educate members of Congress about numerous circumstances, including possible amendments to the NVRA, compliance with federal law by state officials, and the effectiveness of the NVRA's four articulated legislative purposes.

42. By denying the Foundation the ability to obtain the requested voter list maintenance records, Defendant is also impairing the Foundation's ability to, *inter alia*, (1) study and analyze Alameda County's voter list maintenance programs and activities; (2) assess Alameda County's enforcement of state and federal voter eligibility requirements; (3) assess Alameda County's compliance with state and federal voter list maintenance obligations, and other best practices; and, (4) aid Alameda County in carrying out voter list maintenance programs and activities, and other best practices, thus injuring the Foundation.

43. The Foundation intends to request similar records from the Defendant in the future.

## COUNT I

### Violation of Section 8(i) of the NVRA, 52 U.S.C. § 20507(i)

44. The Foundation realleges the preceding paragraphs as if fully stated herein.

45. Upon information and belief, the requested record(s) are in Defendant's possession, custody, and control.

46. Defendant is denying the Foundation access to records within the scope of the NVRA's Public Disclosure Provision and thereby violating the NVRA's Public Disclosure Provision.

47. Neither other federal laws nor federal regulations override the NVRA's Public Disclosure Provision as a matter of law.

48. The Foundation is entitled to relief but has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment:

1. Declaring that Defendant is in violation of Section 8(i) of the NVRA for denying the Foundation the opportunity to inspect and copy the requested records.

2. Declaring that Section 8(i) of the NVRA preempts and supersedes any state statute, code, regulation, practice, policy that prevents the Foundation from inspecting and copying the requested records, or data contained in them.

3. Ordering Defendant to provide the requested records to the Foundation,

4. Permanently enjoin the Defendant from denying similar requests in the future.

5. Ordering Defendant to pay the Foundation's reasonable attorney's fees, including litigation expenses and costs, pursuant to 52 U.S.C. § 20510(c); and,

6. Granting the Foundation further relief that this Court deems just and proper.

Respectfully submitted,

Dated: February 5, 2024

By: _____
Alexander H. Haberbush, Esq., Attorneys for Plaintiffs